HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

KEITH LY,

    Defendant,

and

FIDELITY INVESTMENTS,

    Garnishee.

CASE NO. C15-424 RAJ

ORDER

      This matter comes before the court on Defendant Keith Ly's "Notice of Motion and Motion Pursuant to Fed. R. Civ. P. 60(b)(4) and ERISA's anti-alienation provisions established at 29 U.S.C. § 1056(d)(4)." Dkt. # 11. For the reasons stated below, the court DENIES the motion.

ORDER- 1

1  In 2014, a federal jury convicted Mr. Ly on ten counts of manufacturing marijuana
2  and related offenses. Dkt. # 222, Case No. 13-cr-157. The court then sentenced Mr. Ly
3  to 60 months in prison and ordered him to pay $28,180.14 in restitution, "due
4  immediately." *Id.* at 6. Mr. Ly appealed from his conviction and his appeal is presently
5  pending as case no. 14-30269 in the United States Court of Appeals for the Ninth Circuit.
6  The government applied to the court for a writ of garnishment to Fidelity
7  Investments ("Fidelity"), where Mr. Ly maintains an IRA account. *Id.*, p. 7; (Writ App.)
8  Dkt. # 1. The court issued the writ and, on January 20, 2015, the government served Mr.
9  Ly by mail at the FDC Seatac Federal Dentention Center. (Cert. of Service) Dkt. # 6.
10 Fidelity answered the writ of garnishment on February 2, 2015, and reported that it held
11 an "IRA Rollover Plan" valued at $34,939, owned solely by Mr. Ly. (Answer) Dkt. # 7.
12 On March 10, 2015, Mr. Ly delivered the instant motion to prison authorities for mailing
13 to the court. Dkt. # 12.

**A. Motion to Quash Writ of Garnishment**

Pursuant to 28 U.S.C. § 3202(d), Mr. Ly had 20 days to object after receiving notice of the writ of garnishment. The government served Mr. Ly by mail on January 20, 2015 at the Seatac Federal Dentention Center and he filed this motion 52 days later, on March 13, 2015. (Cert. of Service) Dkt. # 6. Accordingly, Mr. Ly's motion is untimely.

Although Mr. Ly argues that the court should toll the 20-day period, due to his transfer from SeaTac to a federal prison in Oregon, he fails to offer any evidence that the transfer impacted his receipt of actual notice of the writ. (Opp.) Dkt. # 13, p. 3; (Reply) Dkt. # 14, p. 1. Nowhere in his motion or reply does Mr. Ly identify the actual date, time and place that he received notice of the writ. Accordingly, the court finds no basis for tolling.

ORDER- 2

Additionally, even if Mr. Ly's motion were timely, his IRA account is not protected by ERISA's anti-alienation provision.[1] *See, e.g.*, *Goldblatt v. FDIC*, 105 F.3d 1325, 1329 (9th Cir. 1997) ("29 U.S.C. § 1051(6) specifically exempts pension plans that qualify as IRAs under 26 U.S.C. § 408 from ERISA's anti-alienation provision). Thus, his only substantive challenge to the writ of garnishment fails.

### B. Motion to Vacate or Set Aside Conviction

Mr. Ly asks the court to construe this motion as a request for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). However, the rules of civil procedure do not apply to criminal cases. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not apply for relief from judgment in a criminal case."); *United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply in criminal cases."). Accordingly, Mr. Ly's reliance on Rule 60(b) to vacate his federal criminal judgment and sentence is misplaced.

Finally, to the extent Mr. Ly's motion was intended as a collateral attack on his conviction pursuant to 28 U.S.C. § 2255, the motion is not yet ripe and not within the court's jurisdiction because his appeal is still pending in the Ninth Circuit. *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987); *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) (2255 "motion may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary.").

For all of the foregoing reasons, Mr. Ly's motion (Dkt. # 11) is DENIED.

---

[1] The court notes that the sole evidence presented by the government as proof of the existence of Mr. Ly's IRA account is Fidelty's answer to the writ of garnishment. Dkt. # 7. Because Mr. Ly admits that his account is indeed an IRA, the court accepts the answer as sufficient evidence. However, under *U.S. v. Novak*, not all retirement accounts can be garnished and better evidence could have been presented by the government, such as copies of an account statement or other plan documents that include the plan's terms. 476 F.3d 1041, 1063-64.

1     Dated this 20th day of July, 2015.

 

                                                        *Richard A. Jones*

                                           The Honorable Richard A. Jones
                                         United States District Judge

ORDER- 4